In re CHAMA, INC., DCH, Inc., Callaway Community Hospital Association, Medical Center of Winniem Inc., and Colusa Community Hospital Association Debtor(s).

Jeoffrey L. Burtch, Chapter 7 Trustee for the Chama, Inc., et al. Chapter 7 Estates, Plaintiff

v.

ARCADIAN MANAGEMENT SERVICES, INC, Defendant.

Bankruptcy No. 98–2252–JKF. Adversary No. 00–1433.

United States Bankruptcy Court, D. Delaware.

April 13, 2009.

Edmon L. Morton, James L. Patton, Michael R. Nestor, Young Conaway Stargatt & Taylor, Wilmington, DE, for Debtor.

Adam Singer, M. Claire McCudden, Robert W. Mallard, Cooch and Taylor, Wilmington, DE, Plaintiff.

Justin Cory Falgowski, Reed Smith LLP, Wilmington, DE, for Defendant.

## MEMORANDUM OPINION[1]

JUDITH K. FITZGERALD,
Bankruptcy Judge.

The matter before the court is the motion to dismiss the adversary filed on behalf of Arcadian Management Services, Inc. ("Arcadian"), defendant herein. We also address the Trustee's motion to extend time to effect service inasmuch as it is inextricably intertwined with the motion to dismiss. The complaint filed by the Chapter 7 Trustee[2] seeks to avoid and recover a preferential transfer. A default judgment was entered in 2002 but because Arcadian had not been properly served[3] with the complaint and summons, the default was vacated and an order was entered granting the Trustee leave to effect service of the summons and original complaint within 120 days from the date of the order, September 6, 2007. *See* Order at Adv. Doc. No. 11. On September 7, 2007, the Trustee filed a certificate of service indicating that he had served the order of September 6 on Arcadian's counsel. However, as explained in more detail below, the complaint and summons were not reissued within 120 days of the September 6, 2007, order.

On February 26, 2008, 173 days after the September 6 order, and 53 days after the summons was to have been reissued, the Trustee filed an amended complaint. Adv. Doc. No. 13.[4] On March 6, 2008, 182 days after the September 6 order, and 62 days after the summons was to have been reissued, the Trustee served an Alias Summons and Notice of Pretrial Conference. Adv. Doc. No. 14. A second Alias Summons and Notice of Pretrial Conference was issued and served 20 days after that, i.e., 82 days after the summons was to have been reissued, on March 26, 2008. Adv. Doc. No. 15. On May 9, 2008, Arcadian filed the motion to dismiss. Adv. Doc. No. 16. More than a month after that, on June 17, 2008, the Trustee filed a motion to extend time to effect service of

---

1. The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

2. References herein to "Trustee" include counsel for the Trustee unless otherwise stated.

3. Arcadian did not know of the Adversary or the default judgment until on or about June 29, 2007, when it was contacted by Recovery Services, Inc., the Trustee's collection agent. Arcadian contacted the Trustee and on August 10, 2007, the Trustee filed the motion to reopen the Adversary, Adv. Doc. No. 9. An order was entered granting the motion to reopen on September 7, 2007. Adv. Doc. No. 11.

4. The Trustee offers no explanation for filing the amended complaint and it is not clear, without a line by line comparison, what changes the amended complaint effected, as the Trustee did not provide a copy of the original complaint. The original complaint was filed long before electronic filing and the original pleadings have been archived. This is not surprising inasmuch as more than five years elapsed between the entry of the default judgment and the reopening of the adversary.

the summons and complaint. Adv. Doc. No. 23.[5]

In the Trustee's brief in support of his motion to extend time, he stated that he incorrectly recorded the time within which he had to reissue the summons as 180 days rather than the 120 days provided for in the order. This is unfortunate inasmuch as the Trustee himself in his motion to reopen the adversary twice referred to the 120 day time period. The Trustee offered no other explanation for the untoward delay.

Federal Rule of Civil Procedure 4(m), made applicable to bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 7004(a)(1), provides that if the summons is not served within 120 days after the complaint is filed,

> the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period....

Federal Rule of Bankruptcy Procedure 9006(b) governs enlargement of time:

> ... when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed.R.Bankr.P. 9006(b)(1). We therefore examine both the "good cause" of Rule 7004 and the "excusable neglect" standard of Rule 9006(b).[6]

■ With respect to Rule 7004(a)(1), the deadline had already been extended and the additional time period had expired. The Trustee's only explanation for missing the deadline to reissue the summons is the fact that he calendared the deadline incorrectly, at 180 rather than 120 days. We find that for purposes of Rule 7004(a) this does not constitute "good cause" and there is no basis on this record for this court to exercise its discretion in the Trustee's favor. Because Rule 9006(b)(1) does not apply, *see* note 6, *supra*, we examine the excusable neglect standard under Rule 9006(b)(2) and conclude that, under the circumstances, the Trustee has not established excusable neglect.[7]

---

5. The motion was filed without an objection and hearing date, even though this court sets omnibus hearing dates a year in advance and the dates are provided to counsel so that counsel may schedule matters. If a matter is of an urgent nature, counsel has the option of filing a request for an expedited hearing which, if granted, may occur on a date other than an omnibus hearing date. No such request for relief is filed on the Adversary docket.

 We also note that when matters are ready for decision the Local Rules of the Bankruptcy Court for the District of Delaware require, *inter alia*, that counsel file a Completion of Briefing and submit a binder with all relevant pleadings. The Completion of Briefing and the binder submitted with respect to Arcadian's motion to dismiss did not contain the Trustee's motion to extend time. Approximately a month after Arcadian filed its Completion of Briefing and submitted a binder to the court, the Trustee filed a Completion of Briefing regarding his motion to extend time and submitted a binder with the pleadings regarding that motion.

6. Rule 9006(b)(1) does not apply because the deadline had already passed when the Trustee's motion was filed.

7. We acknowledge that there is authority for the proposition that a court may extend time even absent a showing of good cause, *Petru-*

We look to the explanation of "excusable neglect" of *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).[8] The Supreme Court concluded that the determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. at 395, 113 S.Ct. 1489.

■ The court in *In re Lopez,* 292 B.R. 570 (E.D.Mich.2003), identified factors a court may consider in order to grant an extension of time to effect service: (1) an extension was required, (2) an extension would prejudice the defendant in a way other than that prejudice inherent in being required to defend a suit, (3) the defendant had actual notice of the suit, (4) a dismissal without prejudice would substantially prejudice the plaintiff because his suit would be time barred, and (5) the plaintiff had made good faith efforts to effect proper service. 292 B.R. at 576. In the matter before us no extension is "required." An extension had already been granted and the request for further extension was made well after the extension provided by this court's order expired and after the deadline provided by the Rules. In fact, this court's extension order permitted the Trustee to reissue the summons seven years after the initial summons was mailed and the delay in effectuating the re-issuance is entirely the fault of the Trustee

and/or his counsel. The fact that, absent yet another extension, the Trustee's suit will be time barred is not a persuasive factor under the facts of this case, particularly where the opportunity to reissue the summons was afforded seven years after issuance of the original summons. Under the circumstances of this case, the extreme delay is inherently prejudicial to Arcadian.

The notice factor also works against the Trustee. Arcadian had actual notice of the Trustee's action but that notice came five years after a default judgment was entered against Arcadian and nearly seven years after the complaint was filed and the original summons issued. Although dismissing the action would preclude the Trustee from refiling the action because the statute of limitations has expired, the Trustee has not established any basis for the relief he seeks.

The reason advanced by the Trustee for his failure to effectuate service after the Adversary was reopened does not establish good cause; it indicates only neglect which we find is not *excusable* neglect. This Adversary proceeding was filed over eight years ago on October 5, 2000. Since it was reopened on September 10, 2007, five months passed before the Trustee filed an amended complaint, Adv. Doc. No. 13, and yet another month passed before he filed the first alias summons.[9] Adv. Doc. No. 14. Even after Arcadian filed its motion to dismiss,[10] over another month went by

---

celli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir.1995)(rehearing and rehearing *en banc* denied). However, we have discretion to dismiss the action, even when the statute of limitations has expired and refiling of the action is barred. *MCI Telecommunications Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1098 (3d Cir.1995), *cert. denied* 519 U.S. 815, 117 S.Ct. 64, 136 L.Ed.2d 25 (1996), *citing Petrucelli, supra,* 46 F.3d at 1304 n. 6. The Court of Appeals for the Third Circuit has "equated 'good cause' with the concept of 'excusable neglect'" with respect to requests

for enlargement of time. *MCI Telecommunications Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir.1995).

**8.** In *Pioneer Investment* creditors sought to file late proofs of claim.

**9.** A second alias summons was filed nearly four weeks after the first alias summons. Adv. Doc. No. 15.

**10.** We further note that Arcadian worked with the Trustee with respect to reopening the Ad-

before the Trustee filed the motion to extend time. There is nothing in the record that indicates a reason for the repeated delays by the Trustee. The only explanation offered was that he miscalendared the deadline because he thought he had 180 days to reissue the summons. This explanation, however, does not excuse the delay and has no merit.

First, the Trustee himself, in his motion to reopen, referred to the 120 day time period, Adv. Doc. No. 9, and the Federal Rules permit only 120 days; counsel is charged with knowledge of applicable rules. In addition, the Trustee failed to meet even the 180 day mark, reissuing the summons the first time 182 days after our order. The second alias summons was issued nearly three weeks after that, or 202 days after our order.

The circumstances illustrated in *Pioneer Investment, supra,* include the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, as well as the reason for the delay, which may include whether the delay was within the Trustee's control and his good faith. 507 U.S. at 395, 113 S.Ct. 1489. We find the delay to be extreme, to the unwarranted detriment of Arcadian, and the reason for it not excusable. Although we have no reason to question the Trustee's good faith, the delay was entirely within the Trustee's control. *Id.* Nothing in the matter before us indicates that the failure to reissue the summons on time was anything other than neglect, which is not excusable.

For the foregoing reasons, the Trustee's motion to extend time is denied and Arcadian's motion to dismiss is granted.

### ORDER

**AND NOW,** this 13th day of April, 2009, for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED, and DECREED** that the Motion of the Chapter 7 Trustee to Extend Time to Effect Service of Summons and Complaint is **DENIED.**

It is **FURTHER ORDERED** that the Motion to Dismiss the complaint filed by Arcadian Management Services, Inc. is **GRANTED** and the complaint is **dismissed with prejudice.**

It is **FURTHER ORDERED** that the Chapter 7 Trustee shall immediately serve a copy of this Memorandum Opinion and Order on all parties in interest who do not receive electronic notice and shall file a certificate of service forthwith.

The Clerk shall close this Adversary.

versary and it was only after the Trustee's delay in effectuating service the second time that Arcadian moved to dismiss the Adversary.